IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

TATYANA LASHELLE MCBEE                                                        PLAINTIFF
ADC #715851

v.                                          3:21-cv-00262-BSM-JJV

JANA MAPLE; Disciplinary Hearing Clerk,
McPherson Unit, ADC, *et al.*                                                 DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

### DISPOSITION

**I.     INTRODUCTION**

Tatyana Lashelle McBee ("Plaintiff"), a prisoner in the McPherson Unit of the Arkansas Division of Correction ("ADC"), has filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) She alleges her due process rights were violated when Disciplinary Hearing Officer Keith Waddle and Disciplinary Hearing Clerk Jana Maple falsified documents representing that she waived her December 1, 2020, disciplinary hearing by walking out of the hearing room. (Doc. No. 2 at 4-6, 11-12.) According to Plaintiff, she did not walk out of the hearing, nor did she waive the

hearing. *Id*. at 5,13. Plaintiff states Warden Nurzuhal Faust and Deputy Warden Billy Inman knew she did not waive her hearing but failed to take any corrective action. *Id*. at 5-6, 13-19. She asks for monetary damages and "any other relief the court deems proper." *Id*. at 7. For the following reasons, I recommend the Complaint be dismissed without prejudice for failing to state a plausible claim for relief.

**II.    SCREENING**

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighed in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

The Fourteenth Amendment prohibits the deprivation of life, liberty, or property without due process of law, even for prisoners. *Hudson v. Palmer*, 468 U.S. 517, 523 (1984). However, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (citations omitted). Inmates are entitled to some due process protections in prison disciplinary proceedings, such as advanced written notice of the charges, the ability to present witnesses and evidence in defense, and written findings. *See Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). Additionally, a disciplinary decision must be supported by "some evidence." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985). However, in *Sandin*, 515 U.S. at 483-84, the United States Supreme Court substantially narrowed the due process protections required by *Wolff* and *Hill* by holding they apply *only if* the prisoner has a liberty interest at stake in the disciplinary proceedings.

Here, as a result of Plaintiff's disciplinary conviction, Plaintiff was subjected to: (1) sixty days of commissary, phone, and visitation restrictions; (2) thirty days of punitive isolation; and (3) reduction of her class. (Doc. No. 2 at 10.) Under current law, the punishments imposed here do not rise to the level of a loss of liberty.

First, prisoners do not have a liberty interest in avoiding punitive segregation or the loss of their privileges for a relatively short period of time. *Sandin*, 515 U.S. at 484-85; *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("We have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship" entitling prisoners to due process of law); *Portley−El v. Brill*, 288 F.3d 1063, 1065−66 (8th Cir. 2002) (thirty days in punitive segregation was not an atypical and significant hardship under *Sandin,*); *Orr v. Larkins,* 610 F.3d

3

1032, 1034 (8th Cir. 2010) (inmate was not deprived of liberty interest during nine months in administrative segregation); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (transfer to more restrictive facility, where prisoner's movements were more limited and his phone and visitation privileges more restricted, did not implicate liberty interest); *Kennedy v. Blankenship,* 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation was not atypical and significant hardship despite restrictions in mail, telephone, visitation, commissary, and property privileges).

Second, prisoners have no liberty interest in maintaining a particular classification level. See *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Sanders v. Norris*, 153 Fed. App'x 403, at 1 (8th Cir. 2005) (per curiam); *Portley-El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994); *Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990).

For these reasons, Plaintiff did not have a liberty interest in avoiding the punishment imposed, and the Due Process Clause is not implicated. Furthermore, because Plaintiff failed to state a due process claim, there is no constitutional violation to correct. Accordingly, any corrective inaction claim also fails.

Finally, to the extent Plaintiff intends to state a claim for the violation of ADC policy, that claim fails as well. *See, e.g.*, *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (there is no § 1983 liability for violating prison policy).

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action should count as a "strike" for purposes of 28 U.S.C. §

1915(g).¹

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 8th day of February 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

¹ Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."